| | |
|---|---|
| Jennifer Vang,<br>on behalf of herself and all<br>others similarly situated,<br><br>             **Plaintiffs,**<br><br>**v.**<br><br>Kohler Co.,<br>a Domestic Corporation,<br><br>             **Defendant.** | **CIVIL ACTION No.**<br><br><br><br>**CLASS AND COLLECTIVE<br>ACTION COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

## PRELIMINARY STATEMENT

1.      This is a collective action brought pursuant to § 216(b) of the Fair Labor Standards Act of 1938, as amended (hereinafter "FLSA"), and Wisconsin's Wage Payment And Collection Laws (hereinafter "WWPCL"), by Plaintiff Jennifer Vang (hereinafter "Plaintiff") on behalf of herself and all other similarly situated current and former hourly administrative assistants of Kohler Co., for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2.      Kohler Co. (hereinafter "Kohler" or "Defendant") is a Wisconsin Corporation headquartered in Kohler, Wisconsin offering a breadth of products and services from plumbing fixtures, to furniture, tile and stone, and primary and backup power systems. Consisting of thirty-nine (39) major brands, Kohler has

more than fifty manufacturing locations worldwide, and more than 32,000 employees.

3.     The unlawful compensation system at issue in this Complaint affects Kohler's hourly administrative assistants, who work in excess of forty (40) hours a week without receiving the requisite overtime premium pay. Kohler uniformly denies overtime premium pay to its hourly administrative assistants by requiring them to work in excess of forty (40) hours a week without paying them the proper hourly rate or overtime premium including the use of an illegal "comp time" or "compensatory time" system and/or suffered or permitted its employees to work "off the clock." Kohler's deliberate failure to pay employees overtime compensation violates federal law as set forth in the FLSA and Wisconsin WWPCL.

### JURISDICTION AND VENUE

4.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").

5.     This Court has supplemental jurisdiction over the state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Kohler has its principal place of business in this district.

7.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

8.     Kohler is a domestic corporation doing business within the State of Wisconsin with a principal place of business at 444 Highland Drive, in the City of Kohler, County of Sheboygan, State of Wisconsin, 53044. Kohler's registered agent for service of process is Herbert V. Kohler, Jr., 444 Highland Drive in the City of Kohler, County of Sheboygan, State of Wisconsin, 53044.

9.     Plaintiff Jennifer Vang is an adult who resides at 1211 Ashland Avenue, in the City of Sheboygan, State of Wisconsin, 53081. Plaintiff's Notice of Consent to Join pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit A.

## GENERAL ALLEGATIONS

10.     Plaintiff brings this action on behalf of herself and other similarly situated employee as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employee include:

> Collective Class: All persons who are or have been employed by Kohler as an hourly administrative assistant who have worked off the clock, including working under a "comp time" or "compensatory time" scheme, without receiving compensation for each hour worked including overtime compensation, at any time within three years prior to the filing of this action through the final disposition of this case (hereinafter "Collective Class").

11.     Plaintiff and the Collective Class have worked for Kohler as administrative assistants within the State of Wisconsin.

12.     Plaintiff and the Collective Class were compensated by Kohler on an hourly basis.

13.     Kohler directed or suffered and permitted Plaintiff and the Collective Class to work without being paid appropriate compensation for each hour worked.

14.     Kohler, through its members of management, knew that Plaintiff and the Collective Class performed work that required payment of minimum wages and overtime compensation. Kohler has operated under a "comp time" or "compensatory time" in addition to permitting Plaintiff and the Collective Class to work "off the clock" to deprive these employees of the requisite compensation.

15.     Plaintiff and the Collective Class work as assistants to members of Kohler's management and generally assemble and copy documents in preparation for meetings, answer phones, organize and arrange files, make travel arrangements for members of management, enter appointments on the calendars of management, and similar secretarial work.

16.     From the time of her hiring in or around May 2003 until in or around October 2007, Plaintiff was paid on an hourly basis as an administrative assistant. Similarly, the Collective Class was and continues to be paid on an hourly basis.

17.     Kohler does not maintain proper time records for Plaintiff and the Collective Class.

18.     Plaintiff and the Collective Class do not punch a timecard to record their hours, but rather entered their time via a computer program.

19.     Upon information and belief, the computer program in which time was entered did not allow Plaintiff and the Collective Class to enter the specific

time periods worked, the start time each workday, the end time each workday, nor the start and end time of any unpaid break. Rather, Plaintiff and the Collective Class can only input an approximate number of hours worked. Upon information and belief, the default setting for the program was eight (8) hours each workday.

20.  In or around August 2006, Plaintiff and the Collective Class were instructed that they would no longer be paid overtime for hours worked in excess of forty (40) hours in a week.

21.  Since August 2006, Plaintiff was told by her supervisor that she could not record any hours of work performed by Plaintiff over forty (40) hours during the week on her timesheet. On information and belief, the Collective Class was similarly informed by their supervisors that they could not record any hours of work performed over forty (40) hours during a workweek on their timesheet.

22.  Plaintiff occasionally worked on Saturdays and/or Sundays without receiving any compensation. On information and belief, the Collective Class similarly worked on Saturdays and/or Sundays without receiving compensation.

23.  Plaintiff regularly worked through her lunch breaks without compensation. On information and belief, the Collective Class similarly worked through their lunch breaks without receiving compensation.

24.  Kohler, through its members of management, is aware that Plaintiff and the Collective Class worked for Kohler without being compensated for the time spent doing so.

25. Kohler, through its members of management, is aware that Plaintiff and the Collective Class regularly work more than forty (40) hours per week without receiving any compensation for the hours worked over forty (40).

26. Kohler had a policy or practice whereby overtime hours were not allowed to be recorded unless they were pre-approved by a member of management. If the hours were not pre-approved, but worked regardless, they were not compensated as hours worked by Kohler.

27. Kohler illegally offered Plaintiff "comp time" or "compensatory time" in lieu of payment of overtime compensation. Upon information and belief Kohler's extended its illegal practice of offering "comp time" or "compensatory time" in lieu of payment of overtime compensation to the Collective Class.

28. Under Kohler's illegal "comp time" or "compensatory time" scheme, rather than receive compensation, including overtime compensation, for hours worked in excess of (40) forty in the week those hours were worked, Plaintiff and the Collective Class would accumulate compensatory time without payment of overtime compensation.

29. Kohler willfully refused to properly record the hours worked by Plaintiff and the Collective Class.

30. Kohler willfully refused to compensate Plaintiff and the Collective Class for hours that they worked in excess of forty (40) hours per week.

31. Kohler's conduct, as set forth in this complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

**COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

32.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b) on behalf of all hourly administrative assistants employed by Kohler within three years prior to the filing of this action as defined above as the Collective Class.

33.     The FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

34.     At all relevant times, Plaintiff and the other Collective Class are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Kohler's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them time and a half rates for work in excess of forty (40) hours per work week. The claims of Plaintiff stated herein are the same as those of the other Collective Class.

35.     Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Kohler's practice of failing to compensate employees for all hours worked, including overtime compensation.

36.     Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Kohler's practice of failing to accurately record all hours worked and failing to pay employees for all hours worked including overtime compensation.

37. The Collective Class is readily ascertainable. For purpose of notice and other purposes related to this action, their names, addresses, telephone numbers and social security numbers are readily available from Kohler. Notice can be provided to the Collective Class via first class mail to the last address known to Kohler.

## RULE 23 CLASS ALLEGATIONS - WISCONSIN

38. Plaintiff brings her Wisconsin overtime claim, pursuant to Wisconsin Wage Payment and Collection Laws, under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of all persons who were, are, or will be employed by Kohler as hourly administrative assistants in Wisconsin and denied compensation for each hour worked for Kohler including overtime premium compensation for each hour worked over forty (40) hours a week on or after the date that is two years before the filing of the Complaint in this case (the "Wisconsin Class Period").

39. All said persons, including Plaintiff, are referred to herein as the "Wisconsin Class."

40. The Wisconsin Class members are readily ascertainable. The number and identity of the Wisconsin Class members are determinable from the records of Kohler. The positions held, and the rates of pay for each Wisconsin Class member are also determinable from Kohler's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Kohler. Notice can be provided by means permissible under said FRCP 23.

41.     The proposed Wisconsin Class is so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Kohler upon information and belief, there are more than one hundred members of the Wisconsin Class.

42.     Wisconsin Plaintiff's claims are typical of those claims which could be alleged by any member of the Wisconsin Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Class in separate actions. All the Wisconsin Class members were subject to the same corporate practice of Kohler, as alleged herein, of failing to compensate employees for each hour worked including overtime premium compensation for hours worked over forty (40) hours a workweek pursuant to WWPCL. Kohler's corporate-wide policies and practices affected all Wisconsin Class members similarly, and Kohler benefited from the same type of unfair and/or wrongful acts as to each Wisconsin Class member. Plaintiff and other Wisconsin Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

43.     Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Class and has no interests antagonistic to the Wisconsin Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented numerous plaintiffs in wage and hour cases.

44.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.     Class action treatment will permit a number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.     Because the losses, injuries and damages suffered by each of the individual Wisconsin Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Wisconsin Class members to redress the wrongs done to them.     On the other hand, important public interests will be served by addressing the matter as a class action.     The adjudication of individual litigation claims would result in a great expenditure of court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.     The prosecution of separate actions by individual members of the Wisconsin Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.     The issues in this action can be decided by means of common, class-wide proof.     In addition, if

appropriate, the court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

45. Upon information and belief, Kohler has violated and continues to violate the Wisconsin State Law regarding payment overtime wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

46. There are questions of fact and law common to the class that predominates over any questions affecting only individual members. The questions of law and fact common to the class arising from Kohler's actions include, without limitation, the following:

a) Whether Kohler is an "employer" within the meaning of Wisconsin Statutes;

b) Whether the Wisconsin Class are "employees" within the meaning of the Wisconsin Statutes;

c) Whether Kohler failed to compensate the Wisconsin Class for hours worked;

d) Whether Kohler failed to compensate the Wisconsin Class for hours worked in excess of forty (40) per week;

e) Whether Defendant's compensation policies and practices are illegal;

f) Whether Defendant has a policy and practice of willfully failing to maintain proper records with regard to the Wisconsin Class' compensation.

47. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the federal law claims.

## FIRST CLAIM FOR RELIEF
### (Violation of the FLSA as to Plaintiff and the Collective Class)

48. Plaintiff, on behalf of herself and the Collective Class, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

49. At all time material herein, Plaintiff and the Collective Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

50. Plaintiff and the Collective Class are victims of a uniform and company-wide compensation policy and practice in violation of the FLSA.

51. Kohler violated the FLSA by failing to account for and compensate Plaintiff and the Collective Class, for all hours worked, including compensating Plaintiff and the Collective Class overtime premium pay for each hour they worked in excess of forty (40) hours each workweek.

52. In perpetrating these unlawful practices, Kohler has also willfully failed to keep accurate records for all of the time worked by its hourly administrative assistants.

53. At all times material herein, Plaintiff and the Collective Class regularly performed activities that were an integral and indispensable part of the employees' principal activities during the times that they were present at the

Kohler's place of business. Thus all the time spent generally assembling and copying documents in preparation for meetings, answering phones, organizing and arranging files, making travel arrangements for members, and all related activity is compensable as it is a principle activity.

54.     The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a) (1).

55.     Kohler was and is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

56.     Section 13 of the FLSA, 29 U.S.C. 213, exempts certain employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff and the Collective Class. Accordingly, Plaintiff and the Collective Class must be paid overtime pay in accordance with the FLSA.

57.     Kohler's failure to properly compensate Plaintiff and the Collective Class and failure to properly record all compensable work time was willfully perpetrated. Kohler has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the Collective Class are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29

U.S.C. § 216(b). Alternatively, should the Court find that the Kohler did not act willfully in failing to pay overtime premium pay wages, Plaintiff and the Collective Class are entitled to an award of pre-judgment interest at the applicable legal rate.

58.    As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by Kohler from Plaintiff and the Collective Class for which Kohler is liable pursuant to 29 U.S.C. § 216(b).

59.    Plaintiff and the Collective Class are entitled to damages equal to the mandated overtime premium pay within the three years preceding the date of filing of this Complaint, plus periods of equitable tolling because Kohler acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

60.    Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorney's fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**SECOND CLAIM FOR RELIEF**
**(Violation of the Wisconsin Wage Payment Laws as to Wisconsin Class)**

61.    Plaintiff, on behalf of herself and the Wisconsin Class, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

62.    At all relevant times, the Wisconsin Class were employees within the meaning of Wis. Stat. § 109.01(1r).

63.    At all relevant times, the Wisconsin Class were employees within the meaning of Wis. Stat. § 103.001(5).

64.     At all relevant times, the Wisconsin Class were employees within the meaning of Wis. Stat. § 104.01(2)(a).

65.     At all relevant times, Kohler was an employer within the meaning of Wis. Stat. § 109.01(2).

66.     At all relevant times, Kohler was an employer within the meaning of Wis. Stat. § 103.001(6).

67.     At all relevant times, Kohler was an employer within the meaning of Wis. Stat. § 104.01(3)(a).

68.     At all relevant times, Kohler was an employer within the meaning of Wis. Admin. § DWD 272.01(5).

69.     At all relevant times, Kohler has employed, and continues to employ the Wisconsin Class within the meaning of Wisconsin Statute § 109.01 *et seq* and § 103.01 *et seq*.

70.     WWPCL exempt certain employees from overtime pay obligations.   None of the WWPCL exemptions apply to the Wisconsin Class. Accordingly, the Wisconsin Class must be paid overtime pay in accordance with the WWPCL.

71.     At all relevant times, Kohler had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay the Wisconsin Class overtime compensation.

72.     The foregoing conduct, as alleged above, constitutes continuing, willful violations of the WWPCL.

73. Kohler willfully failed to pay the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a week, in violation of WWPCL.

74. As set forth above, the Wisconsin Class has sustained losses in their compensation as a proximate result of Kohler's violations. Accordingly, the Wisconsin Class seeks damages in the amount of their unpaid compensation, injunctive relief requiring Kohler to cease and desist from its violations of the WWPCL described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiffs may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

75. The Wisconsin Class seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to WWPCL.

### THIRD CLAIM FOR RELIEF
### (Violation of the FLSA as to Plaintiff as an Individual)

76. Plaintiff, as an individual, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

77. In or around October 2007 Plaintiff was promoted to a salaried administrative assistant position titled "confidential secretary." Plaintiff held this position until she ended her employment with Defendant.

78. Plaintiff's job duties as a salaried administrative assistant were not materially different from her job duties as an hourly administrative assistant.

79. As a salaried administrative assistant, Plaintiff regularly worked more than forty (40) hours each workweek without compensation for the hours worked in excess of forty (40).

80. Defendant was aware that Plaintiff regularly worked more than forty (40) hours each workweek without premium compensation for the hours worked in excess of forty (40).

81. As a salaried administrative assistant, Plaintiff did not exercise independent judgment and discretion regarding matters of significance to the company's business operations.

82. At all time material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

83. Kohler violated the FLSA by failing to account for and compensate Plaintiff for overtime premium pay for each hour she worked in excess of forty (40) hours each workweek.

84. In perpetrating these unlawful practices, Kohler has also willfully failed to keep accurate records for all of the time worked by Plaintiff.

85. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities during the times that she was present at the Defendant's place of business. Thus all the time spent generally assembling and copying documents in preparation for meetings, answering phones, organizing and arranging files, making travel arrangements for members of management, entering appointments on the calendars of management and all related activity is compensable as it is a principle activity.

86.     Section 13 of the FLSA, 29 U.S.C. 213, exempts certain employees from overtime pay obligations.  None of the FLSA exemptions apply to Plaintiff, accordingly, Plaintiff must be paid overtime pay in accordance with the FLSA.

87.     Kohler's failure to properly compensate Plaintiff and failure to properly record all compensable work time was willfully perpetrated.  Kohler has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).  Alternatively, should the Court find that the Kohler did not act willfully in failing to pay overtime premium pay wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

88.     As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by Kohler from Plaintiff for which Kohler is liable pursuant to 29 U.S.C. § 216(b).

89.     Plaintiff is entitled to damages equal to the mandated overtime premium pay within the three years preceding the date of filing of this Complaint, plus periods of equitable tolling because Kohler acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

90.    Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorney's fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## FOURTH CLAIM FOR RELIEF
### (Violation of the WWPCL as to Plaintiff as an Individual)

91.    Plaintiff, as an individual re-alleges and incorporates all previous paragraphs as if they were set forth herein.

92.    At all relevant times, Plaintiff was an employees within the meaning of Wis. Stat. § 109.01(1r).

93.    At all relevant times, Plaintiff was an employee within the meaning of Wis. Stat. § 103.001(5).

94.    At all relevant times, Plaintiff was an employee within the meaning of Wis. Stat. § 104.01(2)(a).

95.    At all relevant times, Kohler was an employer within the meaning of Wis. Stat. § 109.01(2).

96.    At all relevant times, Kohler was an employer within the meaning of Wis. Stat. § 103.001(6).

97.    At all relevant times, Kohler was an employer within the meaning of Wis. Stat. § 104.01(3)(a).

98.    At all relevant times, Kohler was an employer within the meaning of Wis. Admin. § DWD 272.01(5).

99.    At all relevant times, Kohler had employed Plaintiff within the meaning of Wisconsin Statute § 109.01 *et seq* and § 103.01 *et seq.*

100. WWPCL exempt certain employees from overtime pay obligations. None of the WWPCL exemptions apply to Plaintiff. Accordingly, Plaintiff must be paid overtime pay in accordance with WWPCL.

101. At all relevant times, the Kohler had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff overtime compensation.

102. The foregoing conduct, as alleged above, constitutes continuing, willful violations of the WWPCL.

103. Kohler willfully failed to pay Plaintiff overtime premium compensation for all hours worked in excess of forty (40) hours a week, in violation of WWPCL.

104. As set forth above, Plaintiff has sustained losses in her compensation as a proximate result of Kohler's violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Kohler to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

105. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to WWPCL.

WHEREFORE, it is respectfully prayed that this Court grant to the Plaintiffs the following relief:

a) At the earliest possible time, issue an Order allowing Notice or issue such Court supervised Notice to all similarly situated current and former Kohler hourly administrative assistants of this action and their rights to participate in this action. Such Notice shall inform all similarly situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly situated current and qualified former employees that it is illegal for Kohler to take any actions in retaliation of their consent to join this action;

b) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Kohler's actions as described in the Complaint are unlawful and in violation of the FLSA and applicable regulations and are and were willful as defined in the FLSA;

c) Issue an Order directing and requiring Kohler to pay Plaintiff and all other similarly situated employees damages in the form of reimbursement for unpaid premium overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA;

d) Issue an Order directing and requiring Kohler to pay Plaintiff and all other similarly situated employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

e) Issue an Order directing Kohler to reimburse Plaintiffs and other similarly situated employees for the costs and attorneys fees expended in the course of litigating this action, pre-judgment and post-judgment interest;

f) Provide Plaintiffs with such other and further relief, as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury under

federal law.

Dated this 24 day of August, 2009.

Respectfully submitted,

Larry A. Johnson
State Bar No. 1056619
Nola J. Hitchcock Cross
State Bar No. 1015817
Noah Reinstein
State Bar No. 1056754

Cross Law Firm, S.C.
The Lawyers' Building
845 N. 11th Street
Milwaukee, WI 53233
(414) 224-0000 (office)
(414) 273-7055 (facsimile)

Defendant may be served at:
444 Highland Drive
Kohler, Wisconsin 53044
Registered Agent: Herbert V. Kohler, Jr.