# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

JENNIFER VANG,
on Behalf of Herself and
All Others Similarly Situated,

        Plaintiffs,

        v.                             Case No. 09-C-842

KOHLER CO.,
a Domestic Corporation,

        Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

### I. BACKGROUND

On September 2, 2009, the named plaintiff, Jennifer Vang, filed this lawsuit alleging that her employer, Kohler Company ("Kohler" or "defendant"), failed to compensate her for overtime hours worked. She brought claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, and the Wisconsin Wage Payments, Claims and Collections Law ("Wage Law"), Wis. Stat. §§ 109.01–109.12, on behalf of herself and all others similarly situated.

On November 29, 2010, the court granted the plaintiffs' motion to conditionally certify a collective action for the plaintiffs' FLSA claims. On July 15, 2011, the defendant filed a motion to decertify the collective action. In the court's December 12, 2011 decision, the court denied the defendant's motion and certified the plaintiffs' collective action under the FLSA.

In addition to the collective action, the plaintiffs filed a motion for class action certification with respect to the plaintiffs' state law claims, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

After the motion was fully briefed, the court issued its December 12, 2011 decision granting the plaintiffs' motion to certify the class.

Presently before the court is the defendant's motion to reconsider the court's December 12, 2011 decision, which was filed on December 23, 2011. That motion has been fully briefed and is ready for resolution by the court. For the reasons that follow, the defendant's motion for reconsideration will be denied.

## II. DISCUSSION

A court may amend or alter a judgment under Rule 59(e) of the Federal Rules of Civil Procedure when the movant "clearly establish[es]" that "there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). Reconsideration under the "manifest error" prong is only proper when "'the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

The defendant argues that the court made the following three errors: (1) the court misinterpreted Wisconsin's Wage Law regarding whether a plaintiff must prove that an employer knew, or should have known, that its employees were working overtime without compensation; (2) the court erroneously relied on *Brennan v. Qwest Commc'ns Int'l, Inc.*, No. 07-2024 ADM/JSM, 2009 WL 1586721 (D. Minn. June 4, 2009), because *Brennan* is factually distinct from the present case; and (3) the court should not have relied on deposition testimony in the record that was not discussed in the parties' Rule 23 briefs. The court will address each argument below.

2

**A. Wisconsin's Wage Law**

Kohler argues that the court's interpretation regarding the differences between Wisconsin's Wage Law and the FLSA was a manifest error of law. Specifically, Kohler argues that the FLSA requires plaintiffs to prove that the employer "knew or had reason to know" of the employee's overtime work and that this requirement is also imposed in Wisconsin's Wage Law. Kohler points to case law holding that Wisconsin's Wage Law is to be interpreted consistently with its federal counterpart and also cites the substantially similar, and is some cases identical, language contained in the relevant regulations. *Compare* Wis. Adm. Code § D.W.D. 272.12(2)(a), *with* 29 C.F.R. §§ 785.11–13. Kohler then asserts that because the plaintiffs must ultimately prove that the employer knew or had reason to know of overtime worked, the case would inevitably involve individualized assessments of what each plaintiff's supervisor knew or had reason to know. This type of analysis, argues the defendant, would be too burdensome and would not be amenable to classwide resolution.

The court acknowledges that it may have interpreted Wisconsin's Wage Law too broadly. However, any error created by such an interpretation is inconsequential. Despite the court's interpretation of Wisconsin's Wage Law, the class certification is proper because the plaintiffs still meet the commonality requirement of Rule 23(a)(2). More specifically, the plaintiffs' assert that an unofficial policy exists and the determination of whether this policy does in fact exist drives the resolution of the litigation.

In *Ross v. RBS Citizens*, No. 10-3848, slip op. at 15–20 (7th Cir. Jan. 27, 2012), the Seventh Circuit addressed whether the plaintiffs could meet the commonality requirement of Rule 23 when alleging that the defendants had an unlawful unofficial policy enforced by different supervisors. The plaintiffs in *Ross* were employed by the defendants in such roles as tellers, personal bankers, and assistant

3

branch managers, and alleged that the defendants "enforced an unlawful policy denying employees earned-overtime compensation." *Id*. at 3, 18–19. The unlawful policy, as described by the plaintiffs, included (1) instructions not to record hours worked per week over forty; (2) erasing or modifying recorded overtime hours; (3) providing "comp time" to the plaintiffs instead of paying overtime; and (4) requiring the plaintiffs to perform work during unpaid breaks. *Id*. at 3–4. The district court certified two separate classes, which included an hourly class of non-exempt employees and a class for assistant bank managers who were classified by the defendants as employees exempt from the FLSA. *Id*. at 4.

The defendants appealed the district court's decision arguing, in part, that the plaintiffs did not meet the commonality requirement.[1] The defendants' "principal contention [was] that both classes' claims require[d] the same significant and time-consuming individualized liability inquiries that the Supreme Court found problematic in *Dukes*." *Id*. at 16. With regard to the hourly class, the defendants argued that "there [were] at least four ways in which plaintiffs were denied overtime, and sifting through such individualized evidence should preclude a commonality finding." *Id*. at 16–17.

The Seventh Circuit disagreed. It distinguished *Ross* from *Dukes* by looking to the proof that the plaintiffs would be required to offer. *Id*. at 17. In particular, the Court noted that *Dukes* was a Title VII case, which required "proof of individual discriminatory intent." *Id*. at 18. However, the plaintiffs in *Ross* claimed that the defendants "enforced an unofficial policy in Illinois denying certain employees overtime pay that was lawfully due." *Id*. Because the case did not require individualized assessments, and because the "unofficial policy is the common answer that potentially drives the resolution of [the]

---

[1] Originally, the defendants argued only that the district court's class certification did not comply with Rule 23(c)(1)(B). *Ross*, Slip Op. No. 10-3848, at 2. However, after oral argument, the Supreme Court issued its decision in *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011). *Id*. The Court therefore granted the parties' requests to file statements addressing *Dukes*'s clarification of the commonality element of Rule 23. *Id*.

4

litigation," the Court found that the plaintiffs met the commonality requirement of Rule 23(a)(2). *Id*. at 18–19. *See also Bouaphakeo v. Tyson Foods, Inc.*, No. 5:07-cv-04009-JAJ, 2011 WL 3793962, at *3 (N.D. Iowa Aug. 25, 2011) ("The instant matter is not like *Dukes* where each alleged Title VII violation involved an inquiry into the individual decisionmaker's subjective thought process."). The Court of Appeals therefore affirmed the district court's decision to certify the class action.

Like the plaintiffs in *Ross*, the plaintiffs in this case have asserted that there is an unofficial policy denying employees compensation for overtime worked. Although the analysis of this question may involve whether Kohler knew or had reason to know of the plaintiffs' overtime work, this question is common to the class as a whole, and is therefore amenable to classwide resolution.

The defendant argues that if the court applies the law applicable to the FLSA, then the class cannot stand. Specifically, Kohler argues that the issue of whether the defendant knew or had reason to know of an employee's uncompensated overtime work is a highly individualized assessment requiring inquiry into each plaintiff's interactions with his or her supervisor. However, to determine whether an employer knew or had reason to know of uncompensated overtime work, the court need not inquire into each class member's interactions with his or her supervisor. In fact, in *Brennan*, the court stated the following:

> Qwest argues that there are individualized defenses regarding whether the supervisors of some technicians knew that off-the-clock work was occurring. As indicated in the preceding discussion, however, the relevant question is not whether a specific supervisor knew that off-the-clock work was occurring but rather whether the circumstances were such that Qwest, as the employer, knew or should have known that off-the-clock work was occurring. Certainly, the fact that some, perhaps many, supervisors did not know about off-the-clock work will be relevant to determining that question, but that is an issue for the factfinder considering the ultimate merits of Plaintiffs' claims . . . .

*Brennan*, 2009 WL 1586721, at *6.

5

Like the court in *Brennan*, I find that determining what each supervisor knew is not necessary to establish a claim for overtime pay under the FLSA. Indeed, the test of whether an employer "should have known" about uncompensated overtime work is an objective test, which can be determined by looking at the circumstances of the off-the-clock work. I therefore find that the plaintiffs meet the commonality requirement of Rule 23(a)(2) when using the law applicable to the FLSA.

Based on the reasons discussed above, the court will not reverse its decision granting the plaintiffs' motion for class certification under Rule 23.

**B.  *Brennan v. Qwest Communications International, Inc.***

The defendant disagrees with the court's decision to deny Kohler's motion for decertification of the collective class for purposes of the plaintiffs' FLSA claim. Specifically, Kohler argues that the court's reliance on *Brennan v. Qwest Commc'ns Int'l, Inc.*, 2009 WL 1586721, was misplaced. Instead, Kohler argues that *Brennan* is factually distinct from the present case and the factual distinctions render collective treatment of the plaintiffs' claims inappropriate and unmanageable.

Kohler focuses its attention on Qwest's Quality Jobs per Day ("QJD") program, stating that the productivity standard under the QJD program rendered the plaintiffs in *Brennan* similar enough to proceed as a collective action. Kohler argues that in this case, the plaintiffs were not subject to a standardized productivity program and that each plaintiff had a different supervisor within their respective positions as administrative assistants. The defendant points to these factual disparities as an indication that, unlike *Brennan*, this case cannot be managed as a collective class.

The court disagrees. Under the FLSA, the burden of establishing that the plaintiffs are "similarly situated" is "'not so rigorous that [the plaintiffs] must demonstrate that their positions are identical,' but merely that their positions are 'similar.'" *Id*. at *2 (quoting *Nerland v. Caribou Coffee Co., Inc.*, 564 F.

6

Supp. 2d 1010, 1018 (D. Minn. 2007)). Additionally, the FLSA's "similarly-situated requirement has been interpreted as 'considerably less stringent' than that applied to class actions certified under Rule 23." *Perez v. Radioshack Corp.*, 552 F. Supp. 2d 731, 744 (N.D. Ill. 2005). "[A] close call as to whether the plaintiffs are similarly situated should be resolved in favor of certification." *Brennan*, 2009 WL 1586721, at *7 (quoting *Crawford v. Lexington-Fayette Urban Cnty. Gov't*, No. 06-299-JBC, 2008 WL 2885230, at *11 (E.D. Ky. July 22, 2008)).

The court found that the plaintiffs met their burden of demonstrating that the similarities between the employees outweigh their differences. As stated in the court's December 12, 2011 decision, each plaintiff worked as an administrative assistant. Each plaintiff used the same program to report their hours, and each plaintiff asserts circumstances in which the plaintiff worked overtime but did not receive compensation for that overtime. It is true that the plaintiffs had different supervisors, but this does not make the plaintiffs so different from one another that they cannot be deemed similarly situated for purposes of collective class certification. Although this case does not involve a standards program like that imposed in *Brennan*, the plaintiffs have presented evidence that Kohler may have an unofficial policy of denying overtime pay to administrative employees through the use of "comp time" or not allowing recordation of all hours worked by the plaintiffs.[2] The plaintiffs need not prove that such a policy exists at the certification stage, as the merits of the action are not before the court. *See Messner v. Northshore Univ. HealthSystems*, No. 10-2514, 2012 WL 129991, at *15 (7th Cir. Jan. 13, 2012) (issues regarding whether "some class members claims will fail on the merits if and when damages are decided . . . [is] generally irrelevant to the district court's decision on class certification."). The court need only decide

---

[2] The defendant points to evidence that the plaintiffs reported overtime hours that were approved by their respective supervisors. However, evidence that plaintiffs were compensated for *some* overtime hours does not prove that *all* hours were in fact recorded and approved.

7

whether the plaintiffs are similarly situated, which it does so decide.

Additionally, as discussed more thoroughly above in the court's consideration of the defendant's Wage Law argument, this court found that having different supervisors does not lead to the conclusion that the plaintiffs are not similarly situated. The key issue under the FLSA, as the defendant point out, is whether Kohler knew or had reason to know of its employees off-the-clock work. This may be established by presenting evidence of what the supervisors knew, but may also be established by presenting evidence of the circumstances surrounding the particular plaintiff's off-the-clock work. Thus, the existence of multiple supervisors does not defeat certification of a collective action.

Because the plaintiffs are similarly situated for purposes of the FLSA, the court will uphold its determination to deny the defendant's motion for decertification.

## C. Overly Memo

Kohler asserts that the court improperly relied on deposition testimony in the record by referring to the "Overly Memo" in the court's recitation of the facts. The defendant claims that relying on this fact, without full briefing of the fact's implications, was a manifest error. Kohler therefore asks the court to limit the collective action or class definition to those persons managed by Overly until the termination of his employment in October 2008.

The defendant does not cite any legal authority to support its assertion that this court may not review and rely on the record beyond that fully briefed and discussed by the parties in their respective briefs. The court is also unable to uncover such support. Rule 23 of the Federal Rules of Civil Procedure does not discuss the procedure governing the court's review of the record. However, other rules discuss the court's ability to look to the record. For example, Rule 56 states that "[t]he court need consider only the cited materials, but it may consider other materials in the record." Without a rule limiting the court's

review, I find that a court's review of the record in consideration of a motion for class certification is not constrained by the parties' briefs. The deposition testimony relied upon by this court was within the record and the pages the court relied on were cited by the parties in submissions to this court. (Pls.' Br. at 7.) The court will therefore not reconsider its decision with respect to the Overly Memo.

### III. CONCLUSION

Based on the discussion above, the court will deny the defendant's motion for reconsideration of the Court's December 12, 2011 decision.

**NOW THEREFORE IT IS ORDERED** that the defendant's motion for reconsideration be and hereby is **DENIED**.

**SO ORDERED** this 14th day of February 2012, at Milwaukee, Wisconsin.

**BY THE COURT:**

s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

9