UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

Jennifer Vang,
                        Plaintiff,

v.

Kohler Co.,
a Domestic Corporation,
                        Defendant.

Case No. 2:09-cv-00842-WEC

PLAINTIFF'S BRIEF PURSUANT TO THE COURT'S ORDER REQUESTING ADDITIONAL BRIEFING (Dkt. 129)

      FED. R. CIV. P. 20 allows plaintiffs to join in one action if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all plaintiffs will arise in the action." FED. R. CIV. P. 20(a)(1). The presumption encourages joinder as "[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers v. Gibbs, 383 U.S. 715, 724 (U.S. 1966).

      The purpose of FED. R. CIV. P. 20 "is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." Mosley v. General Motors Corp., 497 F.2d 1330, 1332 (8th Cir. Mo. 1974) (citing 7 C. WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 1652 at 265 (1972)). The prevention of eight lawsuits, under the same laws and questioning the same practices and policies is precisely what Plaintiff asks the Court to avoid – one lawsuit with eight plaintiffs is much more efficient than making seven individuals start over in seven separate actions. Rule 20 is plain "that a wide discretion is

vested in the trial court relative to the joinder of parties. Intercon Research Associates, Ltd. v. Dresser Industries, Inc., 696 F.2d 53, 56 (7th Cir. 1982).

I.  Plaintiff's claim for unpaid wages arises out of a same series of transactions or occurrences as the individuals who opted into this matter.

In determining whether a particular matter arises out of a series of transactions or occurrences, a case by case approach is appropriate. Though there are no hard and fast rules established under FED. R. CIV. P. 20,

> "Transaction" is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship. Accordingly, all "logically related" events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence.

Mosley, 497 F.2d at 1333 (8th Cir. 1974). There is no requirement of "absolute identity" between the claims; rather the Rule should be interpreted to "permit all reasonable related claims for relief by … parties to be tried in a single proceeding." Id. Plaintiff's claims are reasonably or logically related to the claims of the seven individuals who opted-into the matter.

In Hawkins v. Groot Indus., Inc., 210 F.R.D. 226 (N.D. Ill. 2002), the court properly focused on the allegations in the complaint and facts otherwise before the court of a "system of decision making" or "widely-held policy of discrimination" which were considered a single transaction. 210 F.R.D. at 230. Similarly here, Plaintiff and the individuals who have opted into this matter allege that, during approximately the same time period, they worked off-the-clock resulting in unpaid hours of work. Moreover, each allege that Kohler knew or should have known the

work was being performed, and that Kohler did not fulfill its duty to control whether the employees were working off-the-clock. 29 C.F.R. § 785.13.

Plaintiff and the opt-ins are all former administrative employees of Kohler, in one of six job classifications, who have been subjected Kohler's policy allowing them to work off-the-clock without compensation. The opt-ins, like Plaintiff, have been subject to an illegal "comp time" policy and have also been instructed to work off the clock by not recording all of the hours that they worked in excess of forty (40) during a workweek.[1] They were subjected to the same policy of Kohler that required them to not record all of their hours worked when they worked in excess of forty (40) in a workweek[2], to work through unpaid "breaks" without compensation[3], and to use "comp time" in a subsequent workweek for overtime hours worked, but not recorded, during a previous workweek.[4] Although there may be some differences in how each supervisor allowed Plaintiff and the putative plaintiffs to work off-the-clock, the end result is the same – they worked beyond the number of hours recorded in WorkBrain without being fully compensated for their time. This end result is a product of the series of occurrences of the supervisors communicating and enforcing Kohler's unwritten policies to not pay for all hours of work.

Similarly, Plaintiff and the putative plaintiffs allege that Kohler has failed to maintain proper time records for all hours of work. While a recordkeeping violation

---

[1] See generally August 15, 2010 Declaration of Janine Bergeron (hereafter cited as Bergeron Decl.) (Dkt 38-0); June 11, 2010 Declaration of Lori Ricker (hereafter cited as Ricker Decl) (Dkt 39-0); September 7, 2010 Declaration of Kia Yang (hereafter cited as Yang Decl.) (Dkt 40-0); September 7, 2010 Declaration of Corrine Raml (hereafter cited as Raml Decl.) (Dkt 41-0)
[2] Yang Decl. ¶¶ 9,12,15,16; Raml Decl. ¶¶8,10,14,15; Bergeron Decl ¶¶ 8,10,11,14,15; Ricker Decl ¶¶ 7,11,14,15
[3] Yang Decl. ¶7; Raml Decl. ¶7; Bergeron Decl ¶7; Ricker Decl ¶6
[4] Yang Decl. ¶¶ 13-15; Raml Decl. ¶¶12-14; Bergeron Decl ¶¶ 12-14; Ricker Decl ¶¶ 12-14

does not lead to a stand-alone claim, the failure to pay all hours of work based on inaccurate recordkeeping is yet another series of transactions/occurrences binding the them together. The claims that Kohler did not maintain proper records are reasonably and logically related. Also reasonably related is each individuals claim that Kohler failed to exercise its duty to control and see that work is not performed if Kohler did not want it to be performed. See 29 C.F.R. § 785.13.

At this point there have been no findings regarding whether Kohler policies, official or unofficial, resulted Plaintiff and the opt-ins working off-the-clock or whether Kohler had constructive knowledge of the work. Kohler's arguments, which Kohler will again put before the Court, were previously rejected by the Court on Kohler's motion for decertification. (Dkt. 101.) Plaintiff and the opt-ins allege the existence of common practices and they are assert a right to relief arising out of a series of occurrences/transactions regarding those common practices. That relief springs from same laws making joinder appropriate.

II. There are question of law or fact common to all plaintiffs will arise in the action.

The second requirement that Plaintiff must satisfy is that a question of law or fact must be common to all parties. The rule does not require Plaintiff establish "that all questions of law and fact raised by the dispute be common." Mosley, 487 F.2d at 1334. The fact that each plaintiff may have suffered different effects from the violation of law is immaterial for the purposes of determining the common question of law or fact under Rule 20. Id., at 1334. Similarly, that Plaintiff and those who opted in allege they were not paid for different types of off-the-clock work,

it does not follow that joinder is not proper. Plaintiff and the employees who opted into this action allege that Kohler had a practice of allowing each of them to work off-the-clock – resulting in violations of the same laws. As was the case in Rochlin v. Cincinnati Ins. Co., that proof of Kohler's common practice throughout each plaintiff's experience "will necessarily involve the various work records of each plaintiff," joinder is not defeated as "there is likely to be substantial overlap in the evidence presented." 2003 U.S. Dist. LEXIS 13759, *42 (S.D. Ind. July 8, 2003) (internal citation and quote omitted).

The common questions of law and fact in this matter include whether there is coverage under state and federal law, whether Plaintiff and the opt-ins are employees, whether Kohler is an employer, whether Kohler's practices violated Wis. Code. § DWD 272.04(1) and Wis. Code. § DWD 274.02(3) by failing to pay for on-duty meal periods, whether Kohler had knowledge of the off-the-clock work, whether Kohler maintained proper records under Wis. Code. § DWD 272.11, whether Kohler's affirmative defenses are applicable to wage claims (good faith, appropriateness of liquidated damages, the de minimis doctrine, waiver, unclean hands, etc.). Each of these questions, each element of a claim for unpaid wages under the FLSA and Wisconsin's wage laws, are common to Plaintiff and opt-ins. That there are differences in their experiences on a day-to-day basis is not sufficient to defeat joinder; rather because the claims all arise under the same law, efficiency requires the claims move forward together.

III. Conclusion.

Kohler's concerns about trial can be addressed at a later stage – once discovery on the merits, rather than procedural issues, is closed. Kohler can ask the Court to sever the claims, or for separate trials under FED. R. CIV. P. 42(b). Rather than dismissing the seven individuals who opted into the matter, Plaintiff respectfully requests the Court join them in one action, set the close of discovery for six months from its order and allow the parties to finally focus on the merits of the claims alleged, rather than procedural issues.

Dated this 25th day of January, 2013.

CROSS LAW FIRM, S.C.
Attorneys for Plaintiff

s/ LARRY A. JOHNSON
Larry A. Johnson
ljohnson@crosslawfirm.com
Noah Reinstein
nreinstein@crosslawfirm.com
Nola J. Hitchcock Cross
njhcross@crosslawfirm.com
The Lawyers Building
845 N. 11th Street
Milwaukee, WI 53233
414-224-0000