UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| Jennifer Vang,           Plaintiff, <br> v. <br> Kohler Co., <br> a Domestic Corporation, <br>           Defendant. | Case No. 2:09-cv-00842-WEC <br><br> PLAINTIFF'S BRIEF IN OPPOSITION TO KOHLER'S MOTION FOR SANCTIONS |

On November 29, 2010, this Court granted Plaintiff's motion for conditional certification under 29 U.S.C. § 216(b). (Dkt. 57.) On December 12, 2011, this Court granted Plaintiff's motion for class certification under F<small>ED</small>. R. C<small>IV</small>. P. 23. (Dkt. 101.) That same order denied Kohler's motion to decertify Plaintiff's collective action. (Dkt. 101.) On February 14, 2012, this Court denied Kohler's motion to reconsider. (Dkt. 110.) After the Rule 23 certification went to the Seventh Circuit twice, Plaintiff decided attempt to move forward and concentrate on the merits of Plaintiff and the opt-ins claims. To do so, Plaintiff informed the Court on December 17, 2012 that she would not move for class certification under F<small>ED</small>. R. C<small>IV</small>. P. 23. Plaintiff also stipulated to decertify the matter to avoid further briefing on decertification. Plaintiff felt it would be better to focus on the merits of the claim than to continue to focus on procedural matters that do not address the merits of the claims.

Kohler served Plaintiff's counsel with a Safe Harbor Motion under F<small>ED</small>. R. C<small>IV</small>. P. 11. Kohler's draft motion indicated that Kohler felt moving forward as a class or collective action was frivolous. Kohler's draft Safe Harbor Motion did not indicate any other pleading Kohler felt was frivolous. Plaintiff's decision not to

further move for class certification and to decertify her collective action addressed the only reasons Kohler identified in its draft motion that Plaintiff allegedly violated Rule 11. Despite this, Kohler moved for sanctions with regard to a pleading that was not even on file with the Court when Kohler served Plaintiff with a Safe Harbor Motion. Kohler's motion for sanctions, filed with the Court, alleges a new basis for its claim for sanctions; something not included in its draft motion.

## ARGUMENT

FED. R. CIV. P. 11 provides that, if, after notice and a reasonable opportunity to respond, a court determines that FED. R. CIV. P. 11(b) has been violated, the court may, subject to certain conditions, impose an appropriate sanction upon the attorneys who violated FED. R. CIV. P. 11(b). As a condition for imposing sanctions by motion of another party, that party must serve the motion for sanctions on the offending attorney twenty-one days before filing it with the court. FED. R. CIV. P. 11(c)(2). "The motion for sanctions must describe the specific conduct that is alleged to violate Rule 11(b), and may be filed with the court only if the offending attorney fails to withdraw or correct the improper pleading or motion within those twenty-one days." FED. R. CIV. P. 11(c)(1)(A). Corley v. Rosewood Care Ctr., 388 F.3d 990, 1011-1012 (7th Cir. 2004). Under a plain reading of Rule 11, it is clear that the safe harbor motion <u>must</u> be sent, it <u>must</u> describe the specific conduct that violates FED. R. CIV. P. 11(b) and the offending party <u>must</u> be given twenty one days to withdraw the offending pleading. Moreover, FED. R. CIV. P. 11 is only applicable to pleadings or papers on file with the court, or later advocating a position take in a pleading or paper already filed with the court. SEC v. Simpson, 885 F.2d 390, 394-95 (7th Cir.

1989) (finding that FED. R. CIV. P. 11 "was not an appropriate vehicle for the imposition of the sanctions" where "the conduct for which [defendant and his attorney] were sanctioned did not involve the improper signing of a paper filed in the district court").

Kohler's motion for sanctions fails to meet the requirements of FED. R. CIV. P. 11 and the safe harbor period because, after Plaintiff informed the Court she was not going to move for FED. R. CIV. P. 23 class certification and stipulated to decertifying the collective action, there were no other alleged pleadings or papers on file with the Court which Plaintiff could withdraw. Moreover, it cannot be said that Plaintiff's motions for FED. R. CIV. P. 23 class certification and collective certification under 29 U.S.C. § 216(b) can be considered frivolous as the Court granted both. Plaintiff was not provided a twenty-one day safe harbor period as Kohler never informed Plaintiff that Kohler believed Plaintiff's motion to amend ran afoul of FED. R. CIV. P. 11(b). Plaintiff never had a chance to withdraw the pleading. Moreover, Plaintiff would not have done so as the pleading is not frivolous under FED. R. CIV. P. 11(b). Kohler's motion must be denied.

I. There was no pleading which Plaintiff could have retracted as she as no longer pursuing class or collective treatment.

Kohler's Safe Harbor Motion (Dkt. 126-2) put Plaintiff on notice that Kohler believed Plaintiff's continued advocating for class certification under FED. R. CIV. P. 23 and conditional certification under 29 U.S.C. § 216(b) ran afoul of FED. R. CIV. P. 11(b). The requirements of FED. R. CIV. P. 11(b) apply to pleadings, written motions or other paper which are filed with the Court. The basis of a motion for sanctions

under FED. R. CIV. P. 11(c) must be that a pleading, motion, or other paper violated the representation contained in FED. R. CIV. P. 11(b). Kohler's Safe Harbor Motion is clear that Plaintiff's actions which Kohler believed to be objectionable were only the moving for and advocating of class certification under Fed. R. Civ. P. 23 and conditional certification under 29 U.S.C. § 216(b) – nothing else. (Dkt. 162-2.)

> 2. Defendant respectfully asserts that Plaintiff and Attorney Johnson have filed, and continue to advocate, collective and class claims against Defendant in the above–entitled action without conducting any appropriate and reasonable investigation into the legal merits of, and evidentiary support for, those claims in violation of Rule 11(b)(2)-(3).
>
> 12. Despite the foregoing policies, payroll records, and testimony, Plaintiff and Attorney Johnson have continued to advocate collective in class claims …. Plaintiff and attorney Johnson knew, or should have known, however, that such allegations are insufficient for purposes of certifying a collective action pursuant to 29 U.S.C. § 216(b) …. Plaintiff and Attorney Johnson further new, or should have known, that such allegations are insufficient for purposes of certifying a class action pursuant to Rule 23(a)(2) and Rule (b)(3) [sic.] of the Federal Rules of Civil Procedure.
>
> WHEREFORE, because the Plaintiff and Attorney Johnson filed and continued to advocate the collective and class claims in the complaint in violation of Rule 11(b)(2) and (3) asset forth above, defendant Kohler Co. respectfully request that it be awarded all appropriate sanctions including, but not limited to, the costs and attorneys' fees that it has been forced to incur in defending against the above-entitled action under Rule 11(c) and the above–entitled action be dismissed with prejudice.
>
> (Dkt. 126-2.)

To facilitate deterrence, the goal of Fed. R. Civ. P. 11, the motion may not be presented to the court unless, within twenty-one days of service, the non-movant has not withdrawn or corrected the challenged behavior. Fed. R. Civ. P. 11(c)(1)(A). Imposes sanctions "without adhering to this twenty-one day safe harbor has abused its discretion." Divane v. Krull Elec. Co., 200 F.3d 1020, 1025 (7th Cir. 1999). It is settled law that a safe harbor motion "must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2).

Kohler's Safe Harbor Motion was limited to only Plaintiff's moving for, and advocating of, class certification under Fed. R. Civ. P. 23 and conditional certification under 29 U.S.C. § 216(b) – nothing else. (Dkt. 162-2.) On December 17, 2012, Plaintiff's indicated to the Court that Plaintiff would not be filing for class certification under Fed. R. Civ. P. 23. (Dkt. 120-21.) Additionally, to avoid briefing an additional threatened decertification motion of the collective action and as a direct result of Kohler's Safe Harbor Motion, Plaintiff stipulated to decertifying the collective action. (Dkt. 120-21.) Thus, even though Plaintiff's Counsel does not concede conditional certification was improper, Plaintiff was no longer advocating class or collective treatment. As these were the sole issues identified in Kohler's Safe Harbor Motion, the warning shot was rendered moot.

Kohler's motion for sanctions (Dkt. 124) differs from its Safe Harbor Motion (Dkt. 126-2) as Kohler no longer claims that Plaintiff's continued advocating for class or collective treatment is frivolous. It couldn't because Plaintiff had already stopped advocating for class and collective treatment under Fed. R. Civ. P. 23 and

29 U.S.C. § 216(b). (Dkt. 120-21.) Therefore, Kohler attempts to add basis for its motion not in its Safe Harbor Motion. Such additional contentions cannot form a basis for sanctions under FED. R. CIV. P. 11. ERG, Inc. v. Stern, 1996 U.S. Dist. LEXIS 3151, *2-3 (N.D. Ill. Mar. 8, 1996) ("Because defendant failed to comply properly with this mandate of Rule 11, defendant's requests for Rule 11 sanctions as to the additional allegations in the memorandum must be denied.") As was the case in Stern, Kohler has not made a showing that the additional contentions in Kohler's motion for sanctions were mentioned in Kohler's Safe Harbor Motion. Id. That is, Kohler's Safe Harbor Motion does not claim that Plaintiff's motion to amend violated Rule 11, or that arguing for joinder under Rule 20 would violate Rule 11.

In fact, it was impossible for Kohler to give Plaintiff the required twenty-one day safe harbor period because Kohler filed its motion for sanctions only 14 days after the pleading which Kohler claims violated FED. R. CIV. P. 11(b) was filed. Plaintiff filed her motion to amend on December 28, 2012. (Dkt. 122.) Kohler filed its motion for sanctions on January 11, 2013. (Dkt. 124.). The math simply does not add up. See Brown v. Pierce Mfg., Inc., 169 F.R.D. 118, 119 (E.D. Wis. 1996) (denying sanctions where defendant would have had to serve its safe harbor notice the day before it filed its motion for sanctions with the Court).

Similarly, Kohler did not tell Plaintiff that Kohler believed that Plaintiff's motion to amend was frivolous before it filed its motion for sanctions. (Dkt. 126-2.) Kohler's Safe Harbor Motion does not mention FED. R. CIV. P. 15 or 20 which form the basis of Plaintiff's motion. Because Kohler deprived Plaintiff of the 21 day

period to correct any alleged deficiencies in her motion to amend the complaint, Kohler "deprived itself of any opportunity to obtain a monetary award for these aspects of the allegations." Nagel v. ADM Investor Servs., 1999 U.S. Dist. LEXIS 12438, 48-49 (N.D. Ill. Aug. 5, 1999) (Because the motion must identify the 'specific conduct' that violates Rule 11, Defendant has not preserved any demand for sanctions based on other" parts of the pleading.).

When Plaintiff asked the Court to amend her complaint on December 17, 2012 and to toll the statute of limitations of the opt-ins prior to dismissing them, Kohler objected and the Court gave the parties a briefing schedule. Despite Kohler's objection, Kohler never indicated to Plaintiff that Kohler believed a motion to amend the complaint was or would be frivolous. A new Safe Harbor Motion regarding the motion to amend was not filed; rather, with its response brief, Kohler filed a motion for sanctions alleging Plaintiff's motion to amend violated Rule 11. Because Rule 11 is tied to a document filed with the Court, and the safe harbor provision requires 21 days to retract the document, Kohler's motion for sanctions runs afoul of the Rule 21 procedures. The alleged offending pleading had not even been on file with the Court for 21 days.

Kohler obtained its goal in serving the Safe Harbor Motion – Plaintiff is no longer pursuing her claim as a class or collective action. By informing the Court that Plaintiff was not going to move for Class certification under Rule 23 and stipulating to decertifying the collective action,[1] Plaintiff effectively withdrew the

---

[1] It must be clearly stated that Plaintiff did not stipulate to decertifying the action because she believe there was no legal basis to continue as a collective action. Conditional Certification was

papers filed with the Court which Kohler believed offended Rule 11(b). Moreover, Plaintiff's motion to amend her complaint does not ask the Court for relief under Rule 23 or 29 U.S.C. § 216(b).

By moving to amend complaint and requesting tolling, Plaintiff was not signing, filing, submitting or later advocating a pleading, written motion, or other paper on file with the Court prior to Kohler's Safe Harbor Motion. Rather, Plaintiff moved under Rule 15, 16, 20 to join the claims as one for efficiency. Because Kohler did not provide Plaintiff and her Counsel the 21 day warning shot that it believed Plaintiff's motion to amend was frivolous, Kohler has not only failed to follow the clear text of the Rule 11 making any sanctions improper, but doing so robbed Plaintiff of the opportunity to withdraw or modify any offending portion of her motion to amend.

### II. Kohler fails to specify which part of FED. R. CIV. P. 11(b) Plaintiff's motion has failed to meet.

First, Kohler's motion wholly fails to indicate specify which portion of FED. R. CIV. P. 11(b) Plaintiff's brief violates. Rather, Kohler's motion simply restates the whole text of FED. R. CIV. P. 11(b) and mentions in passing Rule 11(b)(2) and (3) in the last sentence of the motion. Second, and more importantly, Kohler's brief contains no citation to FED. R. CIV. P. 11(b). There is simply no argument which part of FED. R. CIV. P. 11(b) Plaintiff's motion to amend violates. Rather, Kohler leaves

---

granted. (Dkt. 57.) Kohler's motion to decertify was denied. (Dkt. 101.) Rather, Plaintiff simply wanted to move beyond the procedural hoops and additional briefing procedural issues and rather move towards get to the merits of the matter. Instead of moving the action towards the merits of each of the opt-ins claims, Kohler has filed this motion for sanctions which does nothing to move the case toward resolution.

Plaintiff and the Court guessing whether Kohler feels thinks the motion was presented for an improper purpose, if Plaintiff's motion is warranted by existing law, or if the factual contentions have legal support.

Despite FED. R. CIV. P. 11 requiring Kohler to "describe the specific conduct that allegedly violates Rule 11(b)," Kohler does not identify which subsection Plaintiff violated. For this reason, Kohler's argument for sanctions fails. Brown, 169 F.R.D. at 119 (refusing to grant sanctions where the defendant failed to state which subsection the plaintiff had violated). Kohler's identification of which subsection of FED. R. CIV. P. 11(b) Plaintiff allegedly violated "is important because the court may not award monetary sanctions against a represented party for violations of 11(b)(2). Id. at 120 (citing FED. R. CIV. P. 11(c)(2)(B)). Kohler only asks for its fees and costs in responding to Plaintiff's motion to amend which cannot be awarded under FED. R. CIV. P. 11(c)(2)(B). Based on this, Kohler presumably does not claim that Plaintiff's motion is improper under FED. R. CIV. P. 11(b)(2) – but Plaintiff can only guess.

III. Plaintiff's motions for certification under FED. R. CIV. P. 23 and 29 U.S.C. § 216(b) cannot, in hindsight, be considered frivolous.

To whatever extent Kohler argues that Plaintiff's past moving for class or collective action violates FED. R. CIV. P. 11(b), Kohler's motion is untimely. Because the Court granted Plaintiff's motion for class and collective treatment, along with denying Kohler's motion to decertify and Kohler's motion to reconsider, all before Kohler served its Safe Harbor Motion, Kohler left Plaintiff with no time or ability to withdraw those motions. Moreover, Kohler would be hard pressed to argue that

Plaintiff's motions were frivolous when the Court granted both motions. This matter is similar to that which the Seventh Circuit faced in Corley where the Court explained that Rule 11 sanctions were not appropriate as "[a]fter all, if the district court itself believed this evidence to be relevant, it was unlikely to fault [the plaintiff] for suffering the same misapprehension." Corley, 388 F.3d at 1014. Similarly, here, Kohler cannot argue that Plaintiff's motions for class and collective certification run afoul of FED. R. CIV. P. 11(b) because this Court granted Plaintiff's requests. It simply cannot be said that Plaintiff's legal contentions were not warranted by existing law or lacked evidentiary support.

Even if the Court ruled that Plaintiff's was "wrong on the law, sanctions against [Plaintiff] do not flow inevitably." Cartwright v. Cooney, 788 F. Supp. 2d 744, 755 (N.D. Ill. 2011). Not only was Plaintiff not wrong on the law, Plaintiff claims were warranted under the law, had evidentiary support, and did not present the motions for an improper reason. Plaintiff did not agree to decertify her collective action because it lacked merit, but rather the intent was to move the matter closer to trial on the merits. Plaintiff saw little difference between moving the case forward as a collective action and eight individual claims in one action.

IV. Plaintiff's motion to amend or toll is not frivolous.

Even if the Court does not find that Kohler's motion for sanctions is technically deficient, Kohler has not met its burden to establish that Plaintiff's motion to amend her complaint runs afoul of FED. R. CIV. P. 11(b). Like the defendant in Brown, Kohler does not identify an improper motive, nor does Kohler mention FED. R. CIV. P. 11 (b)(1). 169 F.R.D. at 120. Moreover, nothing in Kohler's

Safe Harbor Motion would or could have put Plaintiff on notice as to specifically what parts of Plaintiff's not yet filed motion were sanctionable under FED. R. CIV. P. 11(b). As Kohler does not explain which of the other subsection of FED. R. CIV. P. 11(b) Plaintiff's motion violates, Plaintiff is forced to address both 11(b)(2) and 11(b)(3).

FED. R. CIV. P. 11 requires that any papers filed with the Court are signed by an attorney, certifying that the attorney believes the filing to be "well grounded in fact, legally tenable, and not interposed for any improper purpose." See FED. R. CIV. P. 11; Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990). The central purpose of FED. R. CIV. P. 11 is to deter baseless or frivolous filings and thereby streamline the administration and procedure of the federal courts. Id. Therefore, the focus of a FED. R. CIV. P. 11 motion is what counsel knew at the time the pleading was filed, not what subsequently was revealed during discovery. See Corley v. Rosewood Care Ctr., 38 F.3d 990, 1014 (7th Cir. 2004.) FED. R. CIV. P. 11 sanctions are not imposed merely for bringing a suit that ultimately fails. Id.

### A. Plaintiff's motion to amend is supported by law.

Again, Kohler only asks the Court for its fees and costs as sanctions. (Dkt. 125, p. 15.) Because the Court cannot award such a sanction under FED. R. CIV. P. 11(c)(5)(a), Kohler's argument, if Kohler makes it at all, that Plaintiff's motion is not supported by existing law must be denied. Even looking past this, Plaintiff's position is supported by the Federal Rules and case law cited by Plaintiff.

Plaintiff's motion to amend was brought under multiple Federal Rules including FED. R. CIV. P. 15(a), 16, and 20. These rules allow for the amending of a

complaint to join the opt-in plaintiffs. Kohler did not cite cases which would bar Plaintiff from amending her complaint as provided for in the Federal Rules. Moreover, Plaintiff cited case law which supports her position. Similarly, Kohler may argue that Plaintiff's request that the Court toll the statutes of limitations applicable to each of the opt-ins is likewise not supported by law. Plaintiff cited multiple district court cases which allowed for such tolling. (Dkt. 123, p. 8-9).

This is not the case where there is clear Seventh Circuit or Supreme Court precedent on the exact issue before this Court. It is not the case where "a simply natural language search of [the legal terms at issue] in Westlaw would immediately have uncovered the case" squarely rejecting the plaintiff's position. Golden v. Helen Sigman & Assocs., 611 F.3d 356, 364 (7th Cir. 2010). No such case law exists to completely extinguish Plaintiff's arguments. Rather, Plaintiff simply argues for the positions which she believes would be most efficient for all the parties in moving forward. One case with eight plaintiffs is simply more efficient for all involved rather than forcing the seven opt-ins to file individual complaints and start the process over.

### B. Plaintiff's motion to amend her complaint is supported by factual contentions.

Kohler argues that Plaintiff's motion "is a thinly veiled attempt by Plaintiff and her Counsel to circumvent the Seventh Circuit's August 28, 2012 Order vacating their class action, not to mention their own December 17, 2012 stipulation decertifying their collective action…." (Dkt. 125, p. 4.) First, the Court has not dismissed the opt-in plaintiffs yet. After decertifying the matter pursuant to the

parties' stipulation, Plaintiff's Counsel asked the Court to allow Plaintiff to amend her complaint to add the Plaintiff's rather than dismissing them. The Court did not decide to dismiss or allow Plaintiff to amend her complaint, but rather asked the parties for briefing on the mater. Second, Plaintiff is not attempting to circumvent the Seventh Circuits order on the applicability of FED. R. CIV. P. 23 – Plaintiff is not trying to bring a class of 200+ employees and bind absent class members. Plaintiff is focusing on the eight individuals who wanted to take part in the case, before this Court, by opting into the action. Third, Plaintiff is not trying to circumvent her stipulation or asking for a mulligan. Plaintiff immediately asked for the Court to allow her to amend her complaint prior to the Court dismissing the opt-in plaintiffs. There was no stipulation that the opt-in plaintiffs be dismissed. There has been no order dismissing the opt-ins.

The facts currently before the Court are the same facts that the Court reviewed in granting Plaintiff's motion for conditional certification and denying Kohler's motion to decertify. The factual contentions supporting Plaintiff's motion are restated in this Court's Orders on November 29, 2010 and December 12, 2011. (Dkt. 57, pp. 2-3; Dkt. 101, pp. 2-3.) Moreover, in a similar case with thirty plaintiffs, all of whom would have to testify as to the number of hours they worked in their individual circumstances, Judge Crabb did not find joinder improper. (Dkt. 128.) Now arguing for joinder here cannot be considered frivolous.

In this matter, Plaintiff and each opt-in worked for Kohler, in one of six administrative positions, and each allege they were allowed by Kohler to work off

the clock without proper compensation. Their claims arise under the same laws. The legal elements of each of their claims are the same. Kohler's alleged defenses are the same and have the same elements. Kohler's policies, whether legal or illegal, or if those policies allow for a culture of off the clock work, where the same policies applicable the same way to Plaintiff and the opt-ins. Kohler uses the same time keeping program for Plaintiff and each opt-in. It is clear to Plaintiff that joinder of these individuals into one claim is not only factually supported, but it is the most efficient way for the Court to hear these matters. Plaintiff's argument for joinder is clearly based in fact.

## CONCLUSION

"A lawyer's reputation for integrity, thoroughness and competence is his or her bread and butter. [This Court should] not impugn that reputation without carefully analyzing the legal and factual sufficiency of the arguments." FDIC v. Tekfen Constr. & Installation Co., 847 F.2d 440, 444 (7th Cir. Ill. 1988).

Rule 11 should not be used as "a battleground for satellite controversies wherein, in effect, the tail would wag the dog, potentially diverting judicial resources from the prompt disposition of the merits of controversies." Cartwright v. Cooney, 788 F. Supp. 2d 744, 755 (N.D. Ill. 2011) (quoting Harlyn Sales Corp. Profit Sharing Plan v. Kemper Fin. Servs., Inc., 9 F.3d 1263, 1269 (7th Cir. 1993)). However, this is specifically what Kohler is doing. Kohler's motion for sanctions does not relate to the merits of Plaintiff and the opt-ins claims, it is simply additional work for Plaintiff's counsel and the Court without moving the actual case forward. When presented with the Safe Harbor Motion, Plaintiff made the decision

to avoid unnecessary further briefing on certification issues and move to the merits of the claim. Despite Plaintiff's attempt, the parties are here arguing matters that are not moving the matter forward because of Kohler's motion – a motion that did not comply with FED. R. CIV. P. 11. Importantly, a motion for sanctions should not "be prepared to emphasize the merits of a party's position" <u>FED. R. CIV. P. 11</u>, Advisory Committee Notes, 1993 Amendments. This is specifically what Kohler is doing here.

Kohler's motion for sanctions did not provide Plaintiff with the opportunity to withdraw her motion because Plaintiff did not know Kohler believed her motion was frivolous. Kohler's Safe Harbor Motion was served prior to Plaintiff's motion to amend was filed. Moreover, Kohler's Safe Harbor Motion only discusses moving forward with as a class or collective action. Neither of which is Plaintiff asking the Court to do. Not only that, but Plaintiff's motion is based on existing law and backed by factual contentions. Kohler's motion for sanctions must be denied and "the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred in the motion." FED. R. CIV. P. 11(c)(2).

Dated this 1st day of February, 2013.

CROSS LAW FIRM, S.C.
Attorneys for Plaintiff

<u>s/ LARRY A. JOHNSON</u>
Larry A. Johnson
ljohnson@crosslawfirm.com
Noah Reinstein
nreinstein@crosslawfirm.com
Nola J. Hitchcock Cross
njhcross@crosslawfirm.com

The Lawyers Building
845 N. 11th Street
Milwaukee, WI 53233
414-224-0000